UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Michael Gawel, Jr. and PPA Megan Gawel,
    *Plaintiff*,

v.                                          Civil No. 3:16cv371 (JBA)

American Specialties, Inc.,
    *Defendant*.

**RULING ON MOTION FOR SUMMARY JUDGMENT [Doc. # 50]**

Defendant American Specialties, Inc. ("ASI") moves for Summary Judgment [Doc. # 50] on all counts of Plaintiff's Second Substitute Amended Complaint ("SSAC") [Doc. # 42].[1]

The Second Count of Plaintiff's SSAC claims ASI's negligence with respect to the public bathroom handicap grab bar Model 3413 that it allegedly manufactured, distributed, sold and/or installed, which injured the minor plaintiff. The Third Count alleges ASI violated Connecticut's Product Liability Act ("CPLA") § 52-572(m) because: Defendant's moveable handicap rail was in a defective and unreasonably dangerous condition; Defendant failed to warn that this product was dangerous and subject to failure, misrepresenting that it was safe for public use; to the extent warnings or instructions were given, they were inadequate and failed to provide notice of the defective or dangerous product propensities; Defendant failed to properly and adequately test or design the product and used improper materials; Defendant failed to provide adequate

---

[1] Insofar as Defendant's Motion seeks dismissal of cross-claims asserted by Target, it is denied as moot, as Target has already been dismissed from the case.

installation, maintenance, and repair instructions; and Defendant breached the implied warranty of merchantability and express warranties.[2]

ASI argues that it is entitled to summary judgment primarily because Plaintiff cannot prove his claims without expert witness evidence and that Plaintiff's expert opinions are tainted by Target's spoliation of evidence.[3] ASI maintains that Plaintiff cannot prove that it manufactured or sold the grab bar at issue, that it contained a dangerous condition at the time of sale, or that any additional warnings or actions by ASI would have prevented the injuries to Plaintiff. Moreover, according to ASI, because Target disposed of the grab bar from its Torrington, Connecticut store several months after Plaintiff was injured, but before ASI could inspect, examine or test it, evidence about the grab bar must be excluded. Thus, Defendant argues that because Target's spoliation of the grab bar taints the reports of Plaintiffs' experts Eugenia Kennedy and Dr. Irving U. Ojalvo, the spoliation totally undermines Plaintiffs' whole case and ASI is entitled to judgment as a matter of law.[4]

---

[2] Plaintiff's separate negligence cause of action (Count Two) is barred because it is subsumed by his CPLA claim. *See e.g., Densberger v. United Techs. Corp.*, 297 F.3d 66, 70 (2d Cir. 2002) ("[A]s the exclusive basis for product liability claims under Connecticut law, the CPLA bars separate common law causes of action in product liability cases."); *Winslow v. Lewis-Shepard, Inc.*, 212 Conn. 462 (1989) (holding that the CPLA bars a separate negligence-based cause of action).

[3] Defendant now acknowledges that the exemplar test bar used by one of Plaintiff's experts was indeed Defendant's. (Def's. Reply [Doc. #57] at 1-2.)

[4] In a parallel case, *Durant v. ASI*, 15-cv-1183 (JBA), this Court denied ASI's motion for summary judgment, which was based on its challenge to these same experts' identical opinions regarding the same model grab bar, finding ASI's *Daubert* challenge unavailing, leaving the experts' credibility and reliability for determination by a jury. (Order (based on Oral Opinion)

ASI recognizes that since spoliation is an evidentiary doctrine, it is to be determined under federal law in this diversity action (Def's Mem. in Support [Doc. # 51-1] at 7), but maintains that the extreme sanction of summary judgment is warranted under the circumstances of this case, citing *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99 (2d Cir. 2002) and *Beers v Bayliner Marine Corp.*, 236 Conn. 769 (1996). While the spoliator was Target, not Plaintiff, ASI argues that because Plaintiff adopted Target's experts, Plaintiff must bear the consequences of their tainted testimony. However, Defendant does not point to anything unique about the grab bar Model 3413 at issue in comparison with the exemplar grab bar, or explain how its defects or non-defects would not be inherent in the exemplar obtained and used by Dr. Ojalvo. Moreover, pictures were taken of the actual subject bar before it was disposed of, which formed the basis of Eugenia Kennedy's opinions. Defendant offers no expert witness to explain what material examination or testing must be performed on the actual grab bar at issue, which could not be performed on an exemplar, to rebut the Plaintiff's experts' opinions of defect. *See, e.g., Donahoe v. American Isuzu Motors, Inc.*, 157 FRD 238, 244 (M.D. Pa. 1993) (car seat belt of the same model as the unavailable subject seat belt can be tested and the defendant would gain no more information regarding the existence of defects from the original than from an exemplar).

Further, the adverse inference Defendant seeks is not substantive proof relieving Defendant from its burden on summary judgment of showing that Plaintiff lacks any evidence

---

[Doc. # 85] entered November 3, 2017.)

3

establishing Defendant's liability under the CPLA for the subject grab bar that injured the minor Plaintiff. *See e.g., Beers*, 236 Conn. at 779. Experts Kennedy and Ojalvo provide testimony of the bar's provenance, operation, defective condition, and lack of warnings or instructions. Defendant may rebut this proof at trial, including with evidence that manufacturers of these grab bars sometimes manufacture and/or sell the same or similar bars under different labels and through vendors other than Defendant, but Defendant's motion for summary judgment fails to demonstrate the absence of material disputed facts.[5] ASI may present its evidence of spoliation by Target at trial and the Court will determine at that time whether the sanction against Plaintiff of an adverse inference jury instruction is warranted. However, ASI has not persuaded the Court that the extreme sanction of summary judgment is warranted on this record.

Defendant asserts that Plaintiff has failed to provide any proof that the product was defective under any theory of CPLA liability. Based on the same reasoning used in *Durant v. ASI*, fn. 4 *supra*, and in light of Plaintiff's expert opinions, which are not rebutted by any defense expert, the Court finds Defendant's arguments unavailing as a basis for summary judgment.

---

[5] Indeed, ASI acknowledges that if the Kennedy and Ojalvo reports are not barred as tainted by spoilated evidence, which the Court concludes they are not, Plaintiff has raised genuine disputes of material fact sufficient to survive summary judgment. (ASI Reply at 9.)

4

Accordingly, ASI's Motion for Summary Judgment against Plaintiff as a spoliation sanction [Doc. # 50] is denied.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut: April 11, 2018